UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
OCT 1 0 2006

MICHAEL H. MILBY, CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EARLETTA SMITH, | § § § | |
| Plaintiff | § § | |
| v. | § § | C.A. NO. 06-cv-2586 (JURY DEMANDED) |
| UNITED AUTO CREDIT CORPORATION, Individually and d/b/a General Investigations, | § § § § § | |
| Defendant | § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant United Auto Credit Corporation ("UACC") answers Plaintiff's Original Complaint (the "Complaint"), as follows:

1. UACC has insufficient information to either admit or deny the statements contained in paragraph 1 of the Complaint.

2. UACC admits it is a California corporation, and that it was served with process through its registered agent National Registered Agents, Inc., at its registered address at 1614 Sidney Baker Street, Kerrville, Texas 78028. UACC specifically denies it was or is doing business as General Investigations.

3. UACC admits that this civil action arises under the laws of the United States, but denies the remainder of the statements contained in paragraph 3 of the Complaint.

4. UACC denies that it is liable to Plaintiff, but admits the remainder of the statements contained in paragraph 4 of the Complaint.

5. UACC admits that it has offices in the State of Texas, operates in the State of Texas, extends loans in the State of Texas and performs collection actions in the State of Texas,

but denies the remainder of the statements contained in paragraph 5 of the Complaint.

6. UACC admits the statements contained in paragraph 6 of the Complaint.

7. UACC has insufficient information to either admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies the allegations.

8. UACC denies the allegations contained in paragraph 8 of the Complaint.

9. UACC denies the allegations contained in paragraph 9 of the Complaint.

10. UACC denies the allegations contained in paragraph 10 of the Complaint.

11. UACC denies the allegations contained in paragraph 11 of the Complaint.

12. UACC denies the allegations contained in paragraph 12 of the Complaint.

13. UACC denies the allegations contained in paragraph 13 of the Complaint.

14. UACC denies the allegations contained in paragraph 14 of the Complaint.

15. UACC denies the allegations contained in paragraph 15 of the Complaint.

16. UACC denies the allegations contained in paragraph 16 of the Complaint.

17. UACC denies the allegations contained in paragraph 17 of the Complaint.

18. UACC denies the allegations contained in paragraph 18 of the Complaint.

19. UACC denies the allegations contained in paragraph 19 of the Complaint.

20. UACC denies the allegations contained in paragraph 20 of the Complaint.

21. UACC denies the allegations contained in paragraph 21 of the Complaint.

22. UACC denies the allegations contained in paragraph 22 of the Complaint.

23. UACC has insufficient information to either admit or deny the statements contained in paragraph 23 of the Complaint, and therefore denies the allegations.

24. UACC denies the allegations contained in paragraph 24 of the Complaint.

25. UACC denies the allegations contained in paragraph 25 of the Complaint.

26.   UACC denies the allegations contained in paragraph 26 of the Complaint.

27.   UACC denies the allegations contained in paragraph 27 of the Complaint.

28.   UACC denies the allegations contained in paragraph 28 of the Complaint.

29.   UACC denies the allegations contained in paragraph 29 of the Complaint.

30.   UACC denies the allegations contained in paragraph 30 of the Complaint.

31.   UACC has insufficient information to either admit or deny the statements contained in paragraph 31 of the Complaint, and therefore denies the allegations.

32.   UACC denies the allegations contained in paragraph 32 of the Complaint.

33.   UACC denies the allegations contained in paragraph 33 of the Complaint.

34.   UACC denies the allegations contained in paragraph 34 of the Complaint.

35.   UACC has insufficient information to either admit or deny the statements contained in paragraph 35 of the Complaint, and therefore denies the allegations.

36.   UACC denies the allegations contained in paragraph 36 of the Complaint.

37.   UACC denies the allegations contained in paragraph 37 of the Complaint.

38.   UACC denies the allegations contained in paragraph 38 of the Complaint.

39.   UACC denies the allegations contained in paragraph 39 of the Complaint.

40.   UACC denies the allegations contained in paragraph 40 of the Complaint.

41.   UACC denies the allegations contained in paragraph 41 of the Complaint.

## **AFFIRMATIVE DEFENSES**

42.   Plaintiff's claims for recovery under the Texas Deceptive Trade Practices Act must fail because Plaintiff is not a consumer under Texas Business and Commerce Code §17.41.

43.   Plaintiff's claims for recovery under the Federal Debt Collection Practices Act must fail because Plaintiff is not a consumer under 15 U.S.C. § 1692a.

44. Plaintiff's claims for recovery under the Federal Debt Collection Practices Act must fail because UACC is not a debt collector under 15 U.S.C. § 1692a.

45. Plaintiff's claims for recovery under the Texas Debt Collection Practices Act must fail because Plaintiff is not a consumer under the Texas Finance Code § 392.

46. Plaintiff's claims for recovery under the Texas Debt Collection Practices Act must fail because UACC did not hire General Investigations to collect a debt.

47. Plaintiff's claims for recovery for negligence must fail because UACC did not hire General Investigations to collect a debt.

48. Plaintiff's claims for recovery for intentional infliction of emotional distress must fail because, to the extent UACC made any contact with Plaintiff, UACC was asserting a legal right by contacting the Plaintiff.

WHEREFORE, Defendant United Auto Credit Corporation prays that Plaintiff Earletta Smith take nothing by reason of her suit, and that it have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted

**WINSTEAD SECHREST & MINICK P.C.**
1201 Elm Street, Suite 5400
Dallas, Texas 75270
(214) 745-5400
(214) 745-5390 -- Fax

By: _____ *(signature)*
Dale E. Butler, *Attorney In Charge*
State Bar No.
SDTX Bar No. 21333
Natalie M. Brandt
State Bar No. 24031877
SDTX Bar No. 611492

ATTORNEYS FOR DEFENDANT

### Certificate of Service

This is to certify that a true and correct copy of the foregoing instrument was forwarded in the United States Mail, Certified Mail, Return Receipt Requested and postage prepaid, and via facsimile transmission to Matthew B. Probus, Wauson ♦ Probus, One Sugar Creek Center Blvd., Suite 880, Sugar Land, Texas 77478 on this _10_ day of October, 2006.

_____
One of counsel

Dallas_1\4505716\2
38565-8 10/10/2006